In re HUGHES.

Patent Appeal No. 2719.

Court of Customs and Patent Appeals.
April 29, 1931.

Arthur E. Paige, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed his application for an improvement in mechanism for trade-marking transfer webs. Fifteen claims were originally attached to the application, all of which were rejected by the examiner. The appellant appealed to the Board of Appeals of the United States Patent Office, which affirmed the decision of the examiner. The appellant has brought here, on appeal, claims 11, 12, 13, 14, and 15, having abandoned the others.

Claim 12 is typical of all the claims, and is as follows: "12. In mechanism for trade marking transfer webs, the combination with a rotary printing couple, one of which has an arcuate cameo alphabetical printing face, reading from left to right; of means arranged to direct such a web between said couple; means arranged to automatically repeatedly coat said printing face with a fugitive liquid film, capable of forming a superficial imprint upon said web substantially impervious to transfer material, and including a distributing roller, arranged to contact with said face, and means arranged to supply said distributing roller with such a film, including a receptacle for the liquid to

form said film, and a pick-up roller mounted to rotate in said receptacle and in contact with said distributing roller."

The claims were rejected on the following references:

Kennedy, 1,010,635, December 5, 1911.

Stamm, 848,064, March 26, 1907.

Temple, 1,479,337, January 1, 1924.

Guthrie (Brit.), 970, April 18, 1864, Spec. Abridg.

The appellant seeks a patent on a mechanism for printing trade-marks on carbon paper and the like, in such a way as to show the trade-mark on the back of the sheet, while the mark does not interfere in any way with the carbon coating on the front side of the paper. His mechanism consists of using an arcuate soft rubber type plate inserted in a roller, with typed matter thereon reading from left to right. This roller, having a number of such arcuate plates set therein, revolves, and the type faces are thinly coated by means of intervening rollers, from a fluid reservoir, with a film of volatile dye solvent or phenolic tar, and thereafter said arcuate type sections print upon the front of a web of paper which is being drawn between the printing roll and a platen roll, on the front side of the paper. The volatile liquid passes through the paper, and thereafter, when the front side of the paper is coated with carbon or other similar coating, the letters impressed by the type appear upon the back of the sheet in lighter surfaces than the surrounding surface upon which no such impress was made, and reading from left to right.

Appellant's claims involve several elements. Taking, for illustration, said claim 12, it will be observed that an attempted combination is made of the machine and the material or dye solvent used therewith. We have held in Re Smith, 36 F.(2d) 302, 17 C. C. P. A. 644, that a person may not patent a combination of a device and the material upon which the device works, nor limit other persons from the use of similar material by claiming a device patent. If the material which appellant uses here for printing is new to the art, then such material may be patentable; but he may not take advantage of this in applying for a patent upon a mechanism to apply it. Any feature of the mechanism which is particularly constructed for the use of such a fluid might be patentable in combination or otherwise. Appellant cannot, however, properly claim a combination of device and material worked

upon. In fact, this is conceded in appellant's brief, as we understand it.

We agree with the Board of Appeals that the references cited anticipate the claims in issue. Guthrie shows type cut in the reverse way, so that they may be read through the paper upon which the printing is done. Yielding print rollers are shown by Stamm, and reversed type. As said by the examiner, rubber type is old in the printing trade, and there certainly can be nothing inventive in making an arcuate plate of such type. The system of rollers, fountain, and other mechanical arrangements of appellant's device are those well known to the art of printing, as shown by the references.

The decision of the Board of Appeals is affirmed.

Affirmed.